## WILLIAM B. MANSIR *vs.* JOHN CROSBY, JR.

The question whether a replevin bond is invalidated by interlineations and erasures is not open on exceptions to the refusal of the court of common pleas to dismiss the action for that cause.

It is no ground for dismissing a writ of replevin, that two cows, included therein, are appraised, in the appraisers' certificate, at one sum.

Among other evidence to prove a mortgage of personal property to be fraudulent and void, because made to prevent a judgment creditor of the mortgagor from obtaining satisfaction of his execution, the answer and an affidavit filed by the debtor in the action in which that judgment was rendered were introduced, setting up, as a defence to that action, the nonperformance of a bond of indemnity given to the debtor by those for whose benefit that action was brought. *Held*, that evidence that the bond so relied upon was forged and fraudulent was also admissible in evidence of such fraud in the mortgage.

REPLEVIN of a yoke of oxen, two cows, two heifers, a cart, and an ox sled, the value of which was not stated in the writ. At the first term of the court of common pleas, before *Hoar*, J., the defendant moved to dismiss the action, because, in the certificate of the appraisers, " portions of said property are appraised in the aggregate and not separately, to wit, two cows are appraised together at sixty dollars, and two heifers at forty four dollars; " and because the replevin bond " is imperfect and invalid, because of erasures, interlineations, and other imperfections." The plaintiff thereupon moved and was allowed to amend his writ by inserting the value of the property in terms corresponding to those of the appraisers' certificate. And the motion to dismiss was overruled; and to this ruling the defendant alleged exceptions.

The defendant then filed an answer, averring that the property replevied was the property of Egbert B. Garfield, and as such was taken and held on execution by the defendant at the suit of Charles W. Hopkins.

A trial was afterwards had before *Briggs*, J., at which the plaintiff claimed the property under a mortgage from Garfield. The defendant introduced evidence tending to show that the property was taken by him on execution in favor of Hopkins against Garfield, as stated in his answer ; and that the mortgage was fraudulent and void, as made without consideration, and with the intent to hinder, delay and prevent Hopkins from obtaining satisfaction of the judgment upon which said execution issued.

Amongst other evidence to show this fraudulent purpose, the defendant introduced the answer filed by Garfield to the suit of Hopkins in which said judgment was recovered ; and also an affidavit filed by Garfield pending that suit, to procure a continuance thereof.   In each of these Garfield stated that he had given a bond to Susan Coles and Rachel Coles to pay certain debts of theirs and of Benjamin Coles, which he had since paid ; that as a consideration for that bond the said Susan and Rachel executed a bond of even date therewith to him to indemnify him against all liabilities so assumed by him ; that said bond had since been lost or destroyed, and he had since given his promissory note (which was the cause of action then in suit) to Hopkins, as attorney of Susan and Rachel, to be paid if they should indemnify him as aforesaid, but not otherwise ; that they had not fulfilled the obligations of their bond, and he was thus discharged from the payment of his note.

The defendant then offered in evidence the depositions of Susan Coles and Benjamin Coles.   The plaintiff objected to portions of these depositions, in which the witnesses testified that the bond alleged to have been made by Susan and Rachel to Garfield was forged and fraudulent, and that he tried to induce them to acknowledge that it was genuine, and threatened, if they would not, to prevent their collecting the note.   The presiding judge excluded the portions objected to, and the defendant alleged exceptions.

*I. Sumner & J. D. Colt*, for the defendant.

*H. L. Dawes & J. Price*, for the plaintiff.

BY THE COURT.   1. The question, whether the erasures and

interlineations on the replevin bond were made before it was executed, was a question of fact to be decided by the judge in the court below, and cannot be revised upon these exceptions.

2. Upon the allowance of the amendment of the writ, to which we see no valid objection, the motion to dismiss was rightly overruled.

3. The answer and affidavit of Garfield, in the suit of Hopkins against him, having been admitted to prove the purpose of Garfield to defeat the claims of Hopkins, upon whose execution the property replevied had been taken, it was competent to show, by the testimony of Susan Coles and Benjamin Coles, that the bond upon which Garfield relied, in his answer and affidavit, to defeat the claim of Susan Coles and Rachel Coles, for whose benefit the note to Hopkins was given, was a forged and fraudulent instrument. These portions of the depositions having been excluded, the *Exceptions must be sustained.*